## IN CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

FILED B - 15
2016 APR 15 PM 2:34

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

| | | |
|---|---|---|
| JEANNE HERCHENBACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2016L003847 |
| | ) | CALENDAR/ROOM Z |
| LTF CLUB OPERATIONS | ) | TIME 00:00 |
| COMPANY, INC., a Foreign Corporation, | ) | Premises Liability |
| d/b/a LIFE TIME FITNESS | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, JEANNE HERCHENBACH, by and through her attorneys, MORICI, FIGLIOLI & ASSOCIATES, complaining of the Defendant, LTF CLUB OPERATIONS COMPANY, INC. a Foreign Corporation d/b/a LIFE TIME FITNESS, states as follows:

### PREMISE LIABILITY

1. On November 22, 2015, and for some time prior and subsequent thereto, the Defendant, LTF CLUB OPERATIONS COMPANY, INC., a Foreign Corporation d/b/a LIFE TIME FITNESS (hereinafter "LIFE TIME"), owned, operated, managed, and maintained a health club and gym located at 601 Burr Ridge Parkway, in the City of Burr Ridge, County of Cook, State of Illinois, corresponding PIN 10-35-420-030-0000. ("subject premise").

2. On prior and subsequent to November 22, 2015, the Defendant, LIFE TIME, was and remains engaged in the business, among other businesses, of providing gym fitness services to the public.

1



3. Among the subject premises was a certain area near the check in counter of the building that contained a passageway where members would walk back to reach the locker rooms. ("subject area").

4. On November 22, 2015, Plaintiff was legally and lawfully in and upon the subject premises at the subject area.

5. It then and there became and was the duty of the Defendant, by and through their agents, servants and employees on their behalf, to exercise ordinary and reasonable care in and about the ownership, operation, management, maintenance and control of the subject premises and subject area including the surrounding area, real estate, passages, areaways and appurtenances thereof and thereat, so that same would be in a good, safe and proper condition for persons legally and lawfully in and upon said premises to be, used, occupied and walked upon, and so as not to cause harm and injury to such persons.

6. At the time and location, Plaintiff walked upon, and due to the negligent acts and/or omissions on the part of Defendant, by and through their agents, servants, employees on their behalf, Plaintiff was caused to slip and fall on a slippery substance on the subject area, resulting in bodily injuries to Plaintiff.

7. On or before November 22, 2015, the Defendant knew or should have known of the existence of a slippery substance on the floor in the subject premises.

8. In violation of their duty, the Defendant, by and through their agents, servants and employees in their behalf improperly owned, operated, managed, maintained and controlled said premises, and more particularly caused, allowed and permitted a slippery substance to exist where Plaintiff was walking, thereby creating a dangerous condition.

9. Prior to and at the time and place aforesaid, the Defendant, LIFE TIME, by and through its agents, servants and employees on its behalf, acted or failed to act in one or more of the following ways, amounting to careless and negligent conduct:

   (a)  Improperly operated, managed, maintained and controlled said premises and the, passages, areaways and appurtenances thereof and thereat, so that as a direct result thereof, the plaintiff was injured;

   (b)  Failed to provide a good, safe and proper place for the plaintiff to be, use, occupy and walk upon while on the subject premises at the subject area;

   (c)  Failed to have a good, safe and proper means of ingress and egress to and from all areas of the subject premises and more specifically, the subject area;

   (d)  Failed to properly supervise the activities of its agents, servants and employees;

   (e)  Allowed a slippery substance to come into contact and remain on the floor of the subject area when defendant knew, or in the exercise of reasonable care should have known, that the substance created an unreasonable risk of harm to patrons in the subject premises;

   (f)  Carelessly and negligently failed to properly clean of the subject premises at the subject premises at the subject area when they knew or should have known same posed a dangerous and hazardous condition to plaintiff and others;

   (g)  Failed to inspect said premises to be certain the area was in good, safe and proper condition, and to remedy the dangerous and defective condition which they knew or should have known of said condition;

   (h)  Failed to warn the plaintiff and others of the existence of the dangerous and hazardous condition of said premises, namely the slippery substance that existed in the subject area;

   (i)  Failed to properly train its agents, servants, volunteers and/or employees;

   (j)  Failed to place barriers and/or warnings at the subject premises and area; clearing marking the slippery substance and

   (k)  Was otherwise careless and/or negligent.

10. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omission on the part of the Defendant, LIFE TIME, by and through its agents, servants and employees on its behalf, the Plaintiff, JEANNE HERCHENBACH the Plaintiff then and

3

there sustained severe and permanent injuries, and was, and will be hindered and prevented from attending to her usual duties and affairs of life, and have lost, and will lose, the value of that time as aforementioned. Further, the Plaintiff suffered great pain and anguish, both in mind and body, and will in the future, continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, JEANNE HERCHENBACH, prays for judgment against the Defendant, LTF CLUB OPERATIONS COMPANY, INC. a Foreign Corporation d/b/a LIFE TIME FITNESS, in the sum in excess of the minimal jurisdictional limit, plus her costs in bringing this action.

Respectfully Submitted,

By: _____
Attorney for Plaintiff

Tomas Cabrera
**MORICI, FIGLIOLI & ASSOCIATES**
150 North Michigan Ave.
Suite 1100
Chicago, Illinois 60601
312/372-9600
Firm Id No. 36252

4

IN CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JEANNE HERCHENBACH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| LTF CLUB OPERATIONS | ) |
| COMPANY, INC., a Foreign Corporation, | ) |
| d/b/a LIFE TIME FITNESS | ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT

I, Tomas Cabrera, being first duly sworn on oath, deposes and states that if I were called upon to testify, I would state as follows:

1. That I am an attorney at law licensed to practice in the State of Illinois.
2. That I am an attorney with the law firm of Morici, Figlioli & Associates, attorney of record for the Plaintiff, Jeanne Herchenbach.
3. That based upon the information available to me at the present time, the total amount of money damages sought in this matter exceeds $50,000.00.
4. That this Affidavit is submitted in compliance with Supreme Court Rule 222(b)

Further, Affiant sayeth naught.

Tomas Cabrera

SUBSCRIBED AND SWORN TO
before me this 15th day
of April, 2016

Notary Public

OFFICIAL SEAL
AMELIA C VALADEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 06/06/16